IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:07-CR-81 |
| | ) | (Phillips / Shirley) |
| ROBERT BENNETT, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on November 1, 2007, for hearing on Defendant Robert Bennett's Motion to Extend Pretrial Motion Filing Deadline and to Continue Trial [Doc. 25]. Robert Bennett was present in court with his attorney, Michael McGovern. Assistant United States Attorney Tracy Plowell was present on behalf of the United States.

Mr. Bennett's motion set forth a number of facts and circumstances in support of his motion, chief among these is the October 9, 2007, appointment of new counsel at the defendant's request. At the November 1, 2007, hearing, Attorney McGovern confirmed that his investigation and preparation of Mr. Bennett's defense is ongoing, including a determination as to the necessity of filing pretrial motions. Attorney McGovern estimated that at least 30 days would be required for the filing of pretrial motions given his continuing preparation. Attorney McGovern stated that at the time of his initial appointment he had no prior knowledge of the case of was not in a position to determine whether a trial continuance would be necessary, but that he now believes it is in Mr.

Bennett's best interest. Attorney McGovern stated that the amount and nature of additional preparation necessary cannot be completed before the November 28, 2007, trial date, despite the exercise of due diligence.

AUSA Plowell stated that the government does not oppose Mr. Bennett's request for a trial continuance and an extension of the motion deadline.

The Court questioned Mr. Bennett regarding his motion. Mr. Bennett confirmed that he understands the statements made by his attorney and the request for trial continuance. Mr. Bennett stated that he understood that if his motion is granted, he will necessarily remain in custody pending the new trial date. Mr. Bennett stated that he did agree that it is in his best interest to continue the trial date, as represented by Attorney McGovern. Mr. Bennett expressed to the Court a concern that he has not received some materials in his case. Attorney McGovern confirmed that he has provided all discovery material received from the United States to the defendant. AUSA Plowell stated that discovery has been completed except one outstanding forensic lab report, which would be provided as soon as received by the government.

The Court finds that factual investigation in order to prepare a defense is of fundamental importance to a fair trial. The Court has considered the statements of counsel in light of the factors set forth in the Speedy Trial Act and concludes that the ends of justice served by granting a continuance in this case outweigh the interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(B). Specifically, the Court finds that given the approaching November 28, 2007, trial date, the failure to grant a continuance would deprive defense counsel of the time to complete his investigation and prepare for trial, despite the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Further, failure to grant a continuance would deprive Mr. Bennett of the

opportunity to pursue issues pertinent to his defense through pretrial motions.  See 18 U.S.C. § 3161(h)(1)(F).

Attorney McGovern and AUSA Plowell agreed that the time between the hearing and the new trial date is properly excludable from the operation of the Speedy Trial Act for these reasons. At the close of the hearing, AUSA Plowell expressed the intention of the government to provide Jencks Act materials to the defense at least three weeks before trial, as the Jencks Act material is particularly extensive in this case.  Attorney McGovern stated that this was the substance of earlier conversations between counsel.

Accordingly, it is **ORDERED**:

> (1) Defendant's Motion to Extend Pretrial Motion Filing Deadline and to Continue Trial **[Doc. 25]** is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **February 12, 2008**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;
>
> (3) All the time between the **November 1, 2007**, hearing and the new trial date of **February 12, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4) The pretrial conference is reset to commence on **January 9, 2008, at 10:00 a.m.**, before the Honorable C. Clifford Shirley, Jr., United States Magistrate Judge;
>
> (5) Motions shall be filed by **December 3 2007**, and responses shall be filed by **December 17, 2007**; and

(6) All the time between the **November 1, 2007**, hearing and the new trial date of **February 12, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

ENTER:


   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge