IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-81 |
| | ) | (PHILLIPS/SHIRLEY) |
| ROBERT BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 9, 2008, on defendant Robert Bennett's Motion to Continue Trial [Doc. 60], filed January 4, 2008. Assistant United States Attorney Tracee Plowell ("AUSA Plowell") appeared on behalf of the government. Attorney Michael McGovern ("Attorney McGovern") and Attorney Norman McKellar ("Attorney McKellar") were present on behalf of the defendant, Robert Bennett, who was also present. The government did not oppose defendant's motion.

At the hearing, Attorney McGovern stated that the need for disposition of the several pending pretrial motions, including defendant's Motion to Suppress Physical Evidence [Doc. 56] necessitates a continuance in this case. Attorney McGovern expressed that obtaining a ruling on the suppression issues is in the defendant's best interest and confirmed that he has discussed this matter with defendant Bennett. The defendant stated that he understood his right to a speedy trial, has no objection to a continuance, and believes it is in his best interest to obtain rulings on his pretrial

motions, especially his suppression motion, prior to trial. Defendant Bennett stated that understood that he will remain in jail pending his new trial date.

Attorney McGovern, on behalf of the defendant, stated that he believes all the time between the date of the filing of pretrial motions, January 4, 2008, and the new date of the trial is excludable from the operation of the Speedy Trial Act. Defense counsel agreed that the need to resolve these important issues of evidence suppression outweigh the interest of the defendant and the public in a speedy trial.

The government agreed that a continuance of the trial was necessary. AUSA Plowell agreed that the time between the date of the filing of pretrial motions and the new date of the trial is properly excludable from the operation of the Speedy Trial Act and that the need for resolution of the suppression issues outweighs the interests of the defendant and the public in a speedy trial. Attorney Plowell also agreed the government's response to defendant's pretrial motions, filed on January 4, 2008, are due on or before January 18, 2008.

Given the approaching February 12, 2008 trial date, the Court finds that the failure to grant a continuance would deprive the defendant of the time to pursue his pretrial motions, including his suppression motion, which have yet to be heard by the Court. See 18 U.S.C. § 3161(h)(1)(F). This Court will hold a motion hearing in this matter on February 5, 2008 at 9:30 a.m. The Court will then need time, not to exceed thirty days, to rule on the non-dispositive motions and to prepare a Report and Recommendation to the District Court on the suppression issue. See 18 U.S.C. § 3161(h)(1)(J). After such ruling, either party will have 10 days to register an objection with the District Court. Should objections be made, the District Court will require a meaningful period of time to review the record and the issues presented. Finally, the parties will need time to prepare for trial in light of this

Court's rulings. The Court finds that all of this could not be accomplished before the trial date of February 12, 2008 or in less than four months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Requiring this Defendant to go to trial as originally scheduled would likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(I). Thus, the Court has reset the trial to **May 14, 2008**.

Accordingly, the Court **GRANTS** defendant's motion for a continuance. The Court further finds that the time between the date of the filing of pretrial motions, January 4, 2008, and the new trial date, May 14, 2008, is properly excludable from the operation of the Speedy Trial Act and that the need for resolution of the suppression issues outweighs the interests of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(1)(F), -(J),-(8)(A)-(B).

Accordingly, it is **ORDERED**:

>(1) The defendant's Motion to Continue **[Doc. 60]** is **GRANTED**;
>
>(2) The trial of this matter is reset to commence on **May 14, 2008**, **at 9:00 a.m.**, before the Honorable Thomas Phillips, United States District Judge;
>
>(3) All the time between the **January 4, 2008** filing of pretrial motions and the new trial date of **May 14, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
>(5) The government has until **January 18, 2008**, to file its responses to defendant's pretrial motions; and

(6) A Motion Hearing will be held on defendant Bennett's pretrial motions on **February 5, 2008 at 9:30 a.m.** before the Honorable C. Clifford Shirley, United States Magistrate Judge.

**IT IS SO ORDERED**

                              ENTER:

                              s/ C. Clifford Shirley, Jr.
                              United States Magistrate Judge