UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:07-CR-81 |
| | ) | (Phillips/Shirley) |
| ROBERT BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on January 9, 2008, for a motion hearing/pretrial conference. Assistant United States Attorney Tracee Plowell ("AUSA Plowell") appeared on behalf of the government. Attorney Michael McGovern ("Attorney McGovern") and Attorney Norman McKellar ("Attorney McKellar") appeared on behalf of the Defendant, Robert Bennett, who was also present.

At the time of Defendant's initial appearance before this Court, the Court found Defendant Bennett was financially unable to obtain counsel, and thus eligible for appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006 and Fed.R.Crim.P. 44. On October 9, 2007, Attorney McGovern was entered as CJA counsel of record. On December 20, 2007, Attorney McKellar filed a Notice of Appearance informing the Court he had been retained as co-counsel of record for the Defendant [Doc. 31]. At the January 9 hearing, this Court expressed concern that Defendant had been previously appointed representation, but now, through familial assistance, was able to retain private counsel to assist Attorney McGovern with his defense. The Court directed counsel to the

language of 2.18 of the Appointment of Counsel in Criminal Cases, Volume VII, Guide to Judiciary Policies and Procedures, which states "[i]n any case in which appointment of counsel has been made and the court subsequently finds that the person is financially able to obtain counsel, such appointment should be terminated." The Court determined this language guides the issue at hand and establishes that a defendant is entitled to representation, either appointed or retained, but cannot expect to have appointed counsel, paid for by the public as well as retained counsel, paid for with private funds.

The government shared the Court's concern that having appointed and retained counsel is in direct contradiction of the purpose of the Criminal Justice Act, 18 U.S.C. § 3006. AUSA Plowell further noted under normal circumstances, the government tries not to get involved with defendants' representation, but in this case, believes the position advanced by Defendant is unfair to the taxpayers.

Thus, the Court finds there are sufficient funds available on behalf of Defendant Bennett to retain private counsel. Accordingly, Defendant Bennett no longer qualifies for appointed counsel.

At the motion hearing, Attorney McGovern requested the Court allow him time to consult with Defendant Bennett and his family to determine if they wished to retain his services to continue to serve as co-counsel for Defendant. The Court granted Attorney McGovern's request and advised him to provide notice to the Court once the matter was resolved. By way of motion, filed on January 15, 2008, Attorney McGovern informed this Court that Defendant Bennett wished to proceed with hired counsel in this case, retained Attorney McKellar as private counsel, and that he would not continue as retained co-counsel in this matter [Doc. 64].

Accordingly, the Court **GRANTS** the Motion to Withdraw as Attorney for Defendant **[Doc. 64]**. Thus, Attorney McKellar is substituted as counsel of record for Defendant Bennett. Attorney McGovern is hereby relieved as counsel for Defendant, except to the extent necessary to complete transition of the case and file.

**IT IS SO ORDERED.**

ENTER:

<u>s/ C. Clifford Shirley, Jr.</u>
United States Magistrate Judge