UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:07-CR-81 |
| ) | (Phillips/Shirley) |
| ) | |
| ) | |
| ROBERT BENNETT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on Defendant Bennett's Motion for Reconsideration and Conditional Withdrawal of Motion to Withdraw as Attorney for Defendant [Doc. 85], filed on January 21, 2008. Attorney Michael McGovern ("Attorney McGovern") filed the motion in response to this Court's Memorandum and Order removing him as CJA counsel of record in light of Defendant retaining Attorney Norman McKellar ("Attorney McKellar") to represent him in all further proceedings in this matter. See Doc. 65. The government has filed a Memorandum in Opposition [Doc. 90]. For the reasons stated below, the Motion is denied.

**I.     Background**

At the time of Defendant's initial appearance before this Court, the Court found Defendant Bennett financially unable to obtain counsel, and thus eligible for appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006(A) and Fed.R.Crim.P. 44. On October 9, 2007, Attorney McGovern was entered as CJA counsel of record. On December 20, 2007, Attorney McKellar filed

a Notice of Appearance informing the Court he had been retained as co-counsel of record for the Defendant [Doc. 31]. At the January 9 hearing, this Court expressed concern that Defendant had been previously appointed representation, but now, through familial assistance, was able to retain private counsel and wished to have Attorney McKellar assist Attorney McGovern with his defense. Noting the uniqueness of the situation, the Court reviewed 7 *Guide to Judiciary Policies and Procedures, Appointment of Counsel in Criminal Cases*, specifically the language of § 2.18, with the parties. The Court found this language determinative in whether Defendant Bennett could proceed with both a CJA appointed attorney and retained counsel in this matter. The Court determined that under the CJA, a defendant is entitled to representation, either appointed or retained, but cannot expect to have appointed counsel, paid for by the public as well as retained counsel, paid for with private funds. Thus, the Court found Defendant no longer qualified for appointed counsel pursuant to the CJA in light of sufficient funds available on Defendant's behalf to retain private counsel.

At the hearing, Attorney McGovern requested the Court allow him time to consult with Defendant Bennett and his family to determine if they wished to retain his services as co-counsel for Defendant. The Court granted Attorney McGovern's request and advised him to provide notice to the Court once the matter was resolved. By way of motion, filed on January 15, 2008, Attorney McGovern informed this Court that Defendant Bennett wished to proceed with hired counsel in this case, retained Attorney McKellar as private counsel, and that he would not continue as retained co-counsel in this matter [Doc. 64]. The Court granted the Motion to Withdraw and substituted Attorney McKellar as counsel of record for Defendant Bennett and relieved Attorney McGovern from his responsibilities as appointed counsel [Doc. 65].

On January 21, 2008, Attorney McGovern, as former counsel for Defendant Bennett, filed a Motion for Reconsideration requesting this Court reconsider its Memorandum and Order of January 16, 2008 regarding Defendant's representation [Doc. 65]. In his motion, Attorney McGovern cites to a decision from the Middle District of Tennessee, United States v. Zelenka, 112 F.Supp.2d 708 (M.D. Tenn 1999) and asks this Court to adopt the reasoning of the Zelenka case. In Zelenka, District Judge Nixon permitted the Defendant Zelenka to proceed with both his CJA appointed attorney as well as retained counsel, which had been retained by Defendant's friends. The government, in response, argues that the Zelenka opinion is not binding on this Court, but is also distinguishable from the instant case [Doc. 90]. The government further contends that allowing a defendant to have both appointed and retained counsel is a "misuse of scarce public funds" [Doc. 90].

## II.     The Criminal Justice Act and Court-Appointed Attorneys

The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend VI, cl. 6. In 1964, Congress enacted the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, to help facilitate this constitutional guarantee. See Fed.Crim.P.R. 44(a) (Right to Appointed Counsel); see also United States v. Owens, 256 F.Supp. 861 (D. Pa. 1966) (stating that the purpose of the CJA was to provide adequate legal representation to defendants otherwise unable to retain counsel on their own). Subsection (a) of the CJA specifically provides that the United States must bear the expense of counsel "... for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(b). "A person is 'financially unable to obtain counsel' within the meaning of subsection (b) of the CJA if his net financial resources and income are insufficient

3

to enable him to obtain qualified counsel." United States v. Salemme, 985 F.Supp. 197, 201 (D. Mass. 1997) (quoting 7 *Guide to Judiciary Policies and Procedures, Appointment of Counsel in Criminal Cases* § 2.04). While a defendant may not need to be indigent to qualify for section 3006(A)(a) benefits, federal case law has set forth that a "defendant bears the burden of proving that he is financially unable to obtain counsel." Salemme, 985 F.Supp. at 201; see also United States v. Harris, 707 F.2d 653, 660 (2d Cir.) cert. denied, 464 U.S. 997 (1983).

As part of this burden, a defendant "has the responsibility of providing the court with sufficient and accurate information upon which the court can make an eligibility determination." Salemme, 985 F.Supp. at 201 (quoting 7 *Guide to Judiciary Policies and Procedures, Appointment of Counsel in Criminal Cases* § 2.03(C)). Furthermore, "[i]n determining whether a defendant is financially unable to retain counsel, the court may consider whether he has income or assets available to him from other sources, ... [h]owever, the initial determination of eligibility should be made without regard to the financial ability of the person's family *unless* his family indicates a willingness and financial ability to retain counsel. Id. (quoting § 2.06) (emphasis supplied). Furthermore, "[a]ny doubts as to the person's eligibility should be resolved in his favor; erroneous determinations of eligibility may be corrected at a later time." Id. (quoting § 2.04).

### III. Defendant Bennett's Ability to Retain Counsel

There is no dispute that Defendant Bennett was properly appointed counsel pursuant to this Court's initial determination that he was "financially unable to obtain counsel" under 18 U.S.C. § 3006A(a). Attorney McGovern contends nothing has changed in Defendant's personal financial situation, even though through familial assistance, Attorney McKellar has been retained. Thus, Attorney McGovern argues, Defendant is entitled to both CJA representation as well as retained

4

counsel in preparing his defense. In response, the government argues Defendant Bennett is not entitled to appointed representation since his family has retained private counsel on his behalf. The government further argues this matter is more in line with the reasoning of United States v. Martinez-Torres, 556 F.Supp. 1275 (S.D.N.Y. 1983). In Martinez-Torres, the district court denied the appointment of counsel because it believed the defendants had concealed proceeds derived from their illegal drug trafficking activities through their family, had those proceeds available to them, and failed to satisfactorily account for their finances to the court. Id. at 1280.

Attorney McGovern requests this Court adopt Judge Nixon's reasoning in the Zelenka case, however, this Court finds the Zelenka case distinguishable from the matter at bar and declines to adopt its holding. In Zelenka, "friends of Mr. Zelenka had retained the services of Mr. Oliva to act as co-counsel with Assistant Federal Defender Tom Watson." 112 F.Supp.2d at 710.[1] Furthermore, the Notice of Appearance provided to the Court "stated that Mr. Oliva has information, knowledge, and belief that Mr. Zelenka has no control over, claim to, or access to the funds used to retain undersigned counsel." Id (internal citations omitted). In the decision, Judge Nixon focused on the fact that Defendant Zelenka's friends had retained private counsel on his behalf and that Defendant Zelenka had "no access, claim, or control" over the funds, thus Defendant's financial situation had not changed since he was unable to use to money towards his defense as he wished. Id. at 716. Furthermore, Judge Nixon was concerned that although the third party payers were providing financial assistance at the time the matter was before the district court, there was "no guarantee that their desire or ability to do so will continue", thus the potential for prejudice was present which

---

[1] In the opinion, Judge Nixon referred to Defendant Zelenka's friends as "third party payers," a designation this Court adopts. 112 F.Supp. 708, 710 n.2 (M.D. Tenn. 1999).

could later harm Defendant Zelenka in the defense of his case if the third party payers decided to stop paying retained counsel on his behalf, possibility bringing his defense to a halt on the eve of trial. Id. at 717.

In the current matter, defense counsel advised the Court that Defendant's family is providing monetary assistance in order to retain Attorney McKellar. When this Court initially appointed representation to Defendant Bennett, his financial affidavit did not suggest he would receive assistance from an outside source to assist with his defense. Had he informed the Court at that time his family was willing to contribute to his defense, that information may have impacted this Court's CJA determination.[2] When appointing counsel, this Court may find a defendant to be partially eligible for appointed representation if his financial resources "are insufficient to pay fully for retained counsel[.] [T]he judicial officer ... should direct [defendant] to pay the available excess funds to the Clerk of the Court at the time of such appointment and from time to time thereafter." 7 *Guide to Judiciary Policies and Procedures, Appointment of Counsel in Criminal Cases* § 2.05.

Furthermore, the *Guide to Judiciary Policies and Procedures* states the Court may consider familial resources if it is indicated to the Court that those individuals are willing to pay all or part of the costs of defense counsel. Id. at § 2.06. Thus, this Court is permitted to consider Defendant's family willingness to assist financially with his defense in determining his eligibility for appointment

---

[2]The Court is not suggesting Defendant Bennett was untruthful when he submitted his financial affidavit. Although the government suggests this recent influx of funds available to pay for his defense could possibly be proceeds from his alleged illegal drug traffic activity, the Court declines to reach that conclusion. Further, the government requests, if this Court were to grant Defendant's Motion for Reconsideration, then it should hold a Nebbia-type hearing to "determine whether the funds were derived from Defendant's illegal drug activity" [ Doc. 90]. In light of this Court's conclusion Defendant is not entitled to CJA appointed representation and private, retained counsel, the Court declines to reach the determination of whether a Nebbia-type hearing is required in this matter.

of counsel since they provided that information to the Court through Attorney McKellar's Notice of Appearance [Doc. 31]. Accordingly, this Court finds when Defendant's family retained counsel on his behalf and Defendant has not refused such counsel and has expressed satisfaction with retained counsel, he is not eligible for appointment of counsel from the CJA panel. Though this Court is not privy to the conversations between Defendant Bennett, his family, and Attorneys McGovern and McKellar, the Court was advised that Defendant Bennett wished to proceed with hired counsel representing him and retained Attorney McKellar as private counsel [Doc. 64]. Thus, the Court finds Defendant Bennett is satisfied with Attorney McKellar as his attorney and is, therefore, no longer eligible for appointment of counsel under the CJA.

## IV. Conclusion

Thus, this Court's termination of appointment of counsel as to Attorney McGovern was in the spirit of the Criminal Justice Act, 18 U.S.C. § 3006(A) in light of Defendant Bennett's retaining private counsel to represent him. Accordingly, the Motion for Reconsideration and Conditional Withdrawal of Motion to Withdraw as Attorney for Defendant **[Doc. 85]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge