UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-81 |
| | ) | (Phillips) |
| ROBERT BENNETT | ) | |

## MEMORANDUM AND ORDER

On March 13, 2008, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a 15-page Report and Recommendation (R&R) [Doc. 95] in which he recommended that defendant's motion to suppress evidence be denied. Thus, Judge Shirley recommended that the firearm, drugs and currency that were seized during the search of defendant and his vehicle on July 16, 2007, be admitted at trial.

This matter is presently before the court on defendant's timely objections to the R&R [Docs. 97, 100, 101]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Shirley's thorough analysis of the legal issues arising from the suppression hearing conducted by him on February 13, 2008. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to suppress will be denied.

Defendant contends that his rights under the Fourth Amendment were violated when the police arrested him on July 16, 2007 without probable cause. Defendant further argues since his arrest was unlawful, any physical evidence seized by the police from his vehicle should be suppressed. The government contends defendant's arrest was supported by probable cause based upon the confidential informant's (CI) narcotics purchase that occurred an hour prior to the arrest, and any subsequent search of defendant's vehicle was lawful under the search incident to arrest doctrine. Therefore, the government contends the physical evidence recovered from defendant's vehicle was lawfully obtained.

First, defendant argues that the criteria for probable cause did not exist on July 16, 2007, due to a lack of indicia of reliability or credibility relating to the confidential informant (CI) and a lack of law enforcement corroboration of the CI's statements. The magistrate judge found that the CI was reliable based on Agent Nocera's testimony that he had known and used the informant for a period of four to five months prior to making the controlled purchase from defendant. Specifically, Agent Nocera testified that he had previously used the CI to make other controlled purchases of narcotics and that the CI had provided information which he was able to corroborate and determine was accurate and reliable. In determining whether a tip by a CI establishes probable cause, the court must look at the totality of the circumstances. *United States v. Smith,* 182 F.2d 473, 477 (6th Cir. 1999).

In the instant case, Agent Nocera testified that on July 16, 2007, the CI made a controlled buy of half an ounce of crack cocaine from defendant with $500, money which was given to the CI by Agent Nocera for the purpose of buying the crack cocaine. Agent Nocera observed the CI arrive at the location and enter a vehicle known to belong to defendant. Defendant was observed sitting in the vehicle. The CI left the location of the controlled buy, and returned directly to the designated meeting place. Agent Nocera recovered the crack cocaine from the CI and a recording of the transaction with defendant. Based on the totality of the circumstances, the court finds that the CI was reliable.

Moreover, based on the foregoing facts and circumstances, Agent Nocera reasonably believed that a drug offense had been committed by defendant, thus his arrest was supported by probable cause. *See Crockett v. Cumberland College,* 316 F.3d 571, 580 (6th Cir. 2003) (The probability of criminal activity is assessed under a reasonableness standard based on an examination of all facts and circumstances within an officer's knowledge at the time of an arrest).

Next, defendant argues that the officers' failure to obtain arrest and search warrants violated the Fourth Amendment, thus, the evidence obtained as a result of his arrest and the search of his car must be suppressed. The Sixth Circuit has held that law enforcement conducting an ongoing investigation are not required to seek a warrant where probable cause exists to suspect a conspiracy to distribute cocaine. *See United States v. Sangiento-Miranda,* 859 F.2 1501, 1509 (6th Cir. 1988). Here, the officers developed probable cause based on the controlled purchase of narcotics by the CI and their

observations that defendant was selling crack cocaine to multiple customers from his vehicle. Therefore, under Sixth Circuit precedent, the officers were not required to obtain an arrest warrant and the Fourth Amendment was not violated where the arrest was based on probable cause.

Since defendant was lawfully arrested, the officers could conduct a search of his vehicle incident to that lawful arrest. *See Thornton v. United States,* 541 U.S. 615 (2004) (police, incident to a lawful arrest, may conduct a search of the passenger compartment of a vehicle where a defendant was an occupant). Here, defendant was arrested while seated in his parked car. Accordingly, the officers could lawfully search the car incident to defendant's arrest. Therefore, the items seized from the car, including a quantity of crack cocaine, cash money, and a 9mm Glock semiautomatic pistol were the result of a proper search incident to a legal arrest.

For the foregoing reasons, as well as the reasons articulated by Judge Shirley in his R&R, defendant's objections to the R&R [Docs. 97, 100, 101] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 95] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to suppress evidence [Doc. 56] is **DENIED**, whereby the court will allow the introduction of the firearm, drugs and currency taken from the defendant at the trial of this matter, which is presently set for September 3, 2008.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge