UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT BENNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:07-CR-081-TWP-CCS-1 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Now before the Court is Petitioner's pro se motion to set aside the underlying criminal judgment against him as void due to lack of subject matter jurisdiction [Doc. 193]. On May 21, 2013, the Court dismissed Petitioner's first § 2255 motion *sua sponte* as time-barred and denied Petitioner a certificate of appealability ("COA") [Docs. 181 and 182]. Petitioner sought to appeal this dismissal, but the United States Court of Appeals for the Sixth Circuit denied Petitioner's request for a COA [Doc. 184]. Petitioner also filed a second § 2255 motion [Doc. 187] which this Court construed as a motion for leave to file a second or successive § 2255 motion and therefore transferred to the Sixth Circuit [Doc. 189], which denied Petitioner leave to file such a motion [Doc. 191]

In the motion now before the Court [Doc. 193], Petitioner again asserts that the Court lacked subject matter jurisdiction over the underlying criminal matters, a matter that Petitioner brought up in context of a claim for ineffective assistance of counsel in his original § 2255 [Doc. 178 p. 8–12], and therefore requests that the Court vacate its judgment against him. Thus, while Petitioner styles his motion as seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure, the motion effectively seeks to add a new claim and/or supplement his previous claim

for relief under § 2255 with new evidence and is, therefore, a second or successive § 2255 motion. *Moreland v. Robinson,* 813 F.3d 315, 322–23 (6th Cir. 2016) (holding that a Rule 60(b) movant that seeks to add a new ground for relief and/or supplement already litigated claims with new evidence is actually making a habeas claim).

Under the "Antiterrorism and Effective Death Penalty Act of 1996," Petitioner cannot file a second or successive § 2255 petition in this Court until he has moved in the Sixth Circuit for an order authorizing this Court to consider the motion. 28 U.S.C. § 2255(h). The Court has not received any such order.

Accordingly, the Clerk is **DIRECTED** to **TRANSFER** Petitioner's most recent § 2255 motion [Doc. 193] to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Further, for administrative purposes, the Clerk is **DIRECTED** to open a separate civil case associated with this motion [*Id.*], which the Clerk is also **DIRECTED** to close for the reasons set forth herein.

**SO ORDERED**.

**ENTER:**

                                        s/ Thomas W. Phillips
                              SENIOR UNITED STATES DISTRICT JUDGE