UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.   3:07-CR-081 |
| | ) | |
| ROBERT BENNETT | ) | |

## MEMORANDUM AND ORDER

The defendant is presently serving a Life sentence at USP McCreary. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Sept. 19, 2022). Now before the Court is the defendant's counseled motion for an unspecified reduction of sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which retroactively applies certain provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372. [Doc. 231].[1] The United States has responded in opposition [doc. 238], and the parties have submitted supplemental briefing as directed by the Court. [Docs. 241, 242].[2]

For the reasons that follow, the defendant's counseled First Step Act motion will be granted in part.

---

[1] The defendant's counseled filing moots his prior *pro se* motion [doc. 224] for similar relief.

[2] Separately, the defendant's counseled motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) was denied by the Court on September 6, 2022. [Doc. 243]. That ruling and its associated filings, where relevant, will be discussed extensively herein.

## I. Procedural Background

The defendant was charged in a five-count Superseding Indictment, filed in August 2007, as follows:

1. Conspiracy to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount cocaine hydrochloride *and* 50 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

2. Distribution of five grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).

3. Possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).

4. Possession of a firearm in furtherance of the drug trafficking crimes charged in Counts One through Three, in violation of 18 U.S.C. § 924(c).

5. Possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1).

[Doc. 18]. The defendant went to trial, presided over by the Honorable Thomas W. Phillips, in December 2008. The jury found the defendant guilty on all counts as charged. [Doc. 146].

In January 2010, Judge Phillips sentenced the defendant to a net term of Life imprisonment, to be followed by a net term of 10 years' supervised release. [Doc. 166]. The Life sentence was mandated by 21 U.S.C. § 841(b)(1)(A) (2009) for the defendant's conviction on Count One because he had at least two prior convictions for felony drug offenses. [Doc. 11]. For each of Counts Two, Three, and Five, the defendant was

sentenced to 360-month prison terms, to be served concurrently with one another and with the sentence imposed on Count One. [Doc. 166]. For Count Four, the defendant received a 60-month sentence which must be served consecutively to the sentences imposed on the other four counts. [*Id.*].[3]

## II. Defendant's Eligibility for First Step Act Relief

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One of those narrow exceptions is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act, which was enacted on December 21, 2018, is one such statute.

Section 404(b) of the First Step Act instructs that the "court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a).[4]

---

[3] Thus, the defendant's sentence is in fact Life plus 60 months.

[4] Section 404(c) of the First Step Act imposes additional limitations, none of which apply in this case.

3

Prior to the Fair Sentencing Act, 21 U.S.C. § 841 (as applied to Count One in this case) mandated an enhanced sentence of Life imprisonment for violations of section 841(a)(1) involving 50 grams or more of cocaine base. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2009). For 841(a)(1) violations involving five grams or more (but less than 50 grams) of cocaine base, the enhanced statutory penalty range was ten years to Life. *See id.* § 841(b)(1)(B)(iii). However, since the enactment of the Fair Sentencing Act, the 841(b)(1)(A)(iii) penalties now apply only to offenses involving 280 grams or more of cocaine base, and the 841(b)(1)(B)(iii) penalties apply to offenses involving 28 grams or more (but less than 280 grams) of cocaine base. *See* 21 U.S.C. § 841(b) (2018); *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

As to Counts Two and Three in this case, prior to the Fair Sentencing Act 21 U.S.C. § 841 (as applied to the present defendant) mandated an enhanced sentence of ten years to Life imprisonment for violations of section 841(a)(1) involving 5 grams or more of cocaine base. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2009). For 841(a)(1) violations involving less than 5 grams of cocaine base, the enhanced statutory imprisonment range was zero to 30 years. *See id.* § 841(b)(1)(C). Since the enactment of the Fair Sentencing Act, the 841(b)(1)(B)(iii) penalties now apply (as to cocaine base) only to offenses involving 28 grams or more, and the 841(b)(1)(C) penalties apply to cocaine base offenses involving less than that amount. *See* 21 U.S.C. § 841(b) (2018); *Dorsey*, 567 U.S. at 269.

As noted, the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . ," First Step Act, § 404(a). Thus,

> eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities. The particular quantities affect only the Court's discretionary call on whether to grant a reduction in sentence.
>
> . . .
>
> . . . This is a categorial decision based on the type of prior conviction, not any particular quantity determination. The Court then determines whether to exercise its discretion to reduce the defendant's sentence. This determination is informed by a guideline comparison between the guidelines as they existed during the original sentencing and the guidelines as they exist today, as well as from any other information the parties present or the Court chooses to consider. Based on this information, the Court will then determine the extent of any reduction it decides in its discretion to award, consistent with statutory limits, non-binding guideline considerations, and the Section 3553 factors.

*United States v. Boulding*, 379 F. Supp. 3d 646, 648, 651, 654 (W.D. Mich. 2019), *aff'd on these points but vacated on other grounds*, 960 F.3d 774 (6th Cir. 2020).

On Count One, the instant defendant was found guilty of an offense involving 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On Counts Two and Three, he was found guilty of offenses involving five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties for those offenses. *See* Fair Sentencing Act, 124 Stat. 2372. The defendant committed his crimes from approximately 2006 through 2007. [Presentence Investigation Report ("PSR"), ¶¶ 16-20]. Thus, he was

5

sentenced by this Court for "a covered offense" and is eligible to be considered for First Step Act relief.

The defendant is eligible for First Step Act relief on Count One even though that offense involved both powder cocaine and cocaine base. *See, e.g., United States v. Walker*, No. 20-1555 (6th Cir. Apr. 20, 2021). In *Walker*, the defendant had pled guilty to two counts, one involving solely powder cocaine and another involving solely cocaine base. *Id.* On appeal, the United States ultimately conceded that the district court indeed had the authority to lower Walker's sentence on both the cocaine base count *and* the powder cocaine count. *Id.* The Sixth Circuit agreed, clarifying that "the district court should decide if a reduction for [both the cocaine base conviction and the non-cocaine base conviction] is merited … after considering updated statutory benchmarks, current Guidelines, and post-sentencing conduct." *Id.* (citation and quotation omitted). Thus, in light of *Walker*, the present defendant is eligible for First Step Act relief on his single count pertaining to both cocaine base and powder cocaine, along with the counts involving only cocaine base. *See also, e.g., United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020) (defendant eligible for First Step Act relief even though "a covered offense was combined with an offense that is not covered" by the First Step Act).[5]

---

[5] In its response brief, the United States acknowledges that it has "adopted the litigating position that a multi-drug violation of § 841(b)(1)(A) or (b)(1)(B) is a 'covered offense' if one of the drugs involved was cocaine base." [Doc. 238, p. 5].

### III. Analysis

The defendant's motion is authorized by the First Step Act because he was sentenced in this Court for "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a). Specifically, the defendant's enhanced statutory terms of imprisonment for the cocaine base component of Count One, and for the cocaine base offenses of Counts Two and Three, were reduced by section 2 of the Fair Sentencing Act as discussed above.

The parties agree that the defendant's advisory guideline range for Counts One, Two, Three, and Five remains 360 months to Life. [Doc. 231, p. 10; doc. 238, p. 9]. Adding the mandatory consecutive 60-month sentence for Count Four, the effective advisory guideline range is 420 months to Life.

The Court has considered the arguments of the parties, along with the relevant 18 U.S.C. § 3553(a) factors. The Court has also considered the defendant's post-sentencing conduct and has refamiliarized itself with his PSR. Having done so, the Court is satisfied that some measure of sentence reduction is warranted.

The defendant's net term of imprisonment will be reduced to 360 months, which includes a 60-month downward variance from the bottom of the new guideline range based largely on post-sentencing conduct, physical health, and the equitable consideration of subsequent non-retroactive changes to the law. Due to the nature of the offenses of

conviction and the defendant's broader recidivist criminal history, his 10-year term of supervision shall remain in place.

In its recent denial of the defendant's compassionate release motion, the Court discussed the defendant's criminal history along with his personal background and characteristics. The Court restates that discussion herein.

> The defendant was most recently sentenced as a criminal history category VI, both because he was a career offender under the sentencing guidelines and because he had at least 13 countable criminal history points. [PSR, ¶ 62]. Between 1991 and the spring of 1995, the defendant had twelve criminal convictions. [*Id.*, ¶¶ 47-58]. Those included possession of controlled substances (four convictions), evading arrest (fleeing a traffic stop, running off the road, and continuing the flight on foot), disorderly conduct (screaming and interfering with the performance of a police officer's duties), aggravated assault (hitting the victim in the head with a pistol and then handing the pistol to a companion who shot the victim in the leg), and sale of controlled substances (twice). [*Id.*]. The defendant's substance abuse history dates back to at least the eleventh grade. [*Id.*, ¶ 85].
>
> As noted above, the defendant was seriously injured in a June 1995 shooting, but those injuries did not prevent him from continuing (and escalating) his criminal conduct. The defendant underwent significant rehabilitation and was counseled on the importance of avoiding alcohol and drugs. He was discharged from rehabilitation in August 1996 when he was arrested federally on a charge of possessing cocaine base with the intent to distribute. [*Id.*, ¶ 59, 78]. The defendant pled guilty in that case and was sentenced to a 60-month term of imprisonment to be followed by four years of supervised release. [*Id.*, ¶ 59]. He completed his prison sentence in December 2000, but in February 2003 his supervised release was revoked due to four positive drug screens. [*Id.*]. The defendant received a revocation sentence of twelve months and one day, with no further supervision to follow. [*Id.*] He completed that sentence in February 2004. [*Id.*].

The defendant's drug sales in the present case began by at least mid-2006. [*Id.*, ¶¶ 16, 20]. According to trial testimony, he would purchase five to six kilograms at a time from his supplier, resulting in the acquisition of at least 150 kilograms of cocaine over a one-year period—a staggering quantity which no doubt caused incalculable harm to this community. [*Id.*, ¶ 20]. The defendant would sell powder and crack cocaine both to users and to other dealers. [*Id.*, ¶¶ 16-20]. He would often sell from a car parked in front of his mother's home (sometimes assisted by others) while his customers sat in the back seat. [*Id.*].

The defendant was arrested—in the driver's seat of his vehicle and in front of his mother's home—on July 16, 2007. [*Id.*, ¶ 18]. An arresting officer saw both a large amount of crack cocaine and a firearm on the driver's seat floorboard. [*Id.*]. The gun had an extended-capacity magazine with 16 rounds of ammunition, including one in the chamber. [*Id.*]. Also found on the defendant or in the vehicle were additional controlled substances, packing materials, a scale, a canister of pepper spray, a knife, four cellphones, and almost $10,000.00 in cash. [*Id.*].

A trial witness who assisted the defendant's drug sales on between 12 and 16 occasions testified that the defendant's standard practice was to receive money from a customer, count the money with one hand, and then transfer drugs accessible to him from the console or the floorboard. [*Id.*, ¶ 19]. "The witness further advised the defendant maintained a firearm on his lap during drug sales or underneath the driver's seat where the defendant was seated." [*Id.*]. Several trial witnesses testified that the defendant "always carried a firearm" while selling drugs, due to prior robberies. [Doc. 163, p. 11-12].

While serving his present term of imprisonment, the defendant has completed a small measure of rehabilitative programming, and the Court appreciates those efforts. [Doc. 232, Ex. 2; doc. 239, Ex. 3]. Conversely, the defendant has incurred three disciplinary sanctions (including possession of a dangerous weapon), and he has declined drug education notwithstanding his substance abuse history. [Doc. 239, Exs. 2, 4].

[Doc. 243, p. 9-11] (footnotes omitted).

Having considered the record as a whole in light of the relevant 3553(a) factors, the Court concludes that a sentence within the defendant's guideline range of 420 months to Life is greater than necessary. His offense of conviction and his broader criminal history—

9

while unquestionably serious—are now 15 years in the past. Although his post-sentencing conduct has not been perfect, he has apparently done enough things right that the Bureau of Prisons now scores him as having a low risk of recidivism. [Doc. 238, Ex. 2]. The Court is mindful that the defendant's most serious disciplinary infraction occurred more than ten years ago. [*Id.*, Ex. 4].

The Court also notes the equitable consideration that under the nonretroactive Section 401 of the First Step Act, this defendant would not face a mandatory life sentence if sentenced today for the same crimes. *See Concepcion v. United States*, 142 S. Ct. 2389 (2022). At the same time, the defendant's current guideline range would exceed the net mandatory minimum applicable under current law.

The defendant unquestionably has serious health issues, but as noted those problems existed when he committed the instant offenses. The available medical record simply does not document his claims of further declining health.

This is a difficult case. The defendant's offenses of conviction and his escalating, recidivist, criminal history still call for a sentence which will promote respect for the law, provide just punishment, adequately deter this defendant, and protect the public from future crimes. At the same time, the equitable issues discussed above persuade the Court that some measure of sentence reduction is appropriate. A ten-year term of supervision awaits the defendant upon his release from imprisonment. That fact somewhat mitigates the needs for deterrence and protection of the public.

## IV. Conclusion

For the reasons provided herein, the defendant's pending *pro se* motion [doc. 224] is **DENIED AS MOOT**, and his counseled motion for sentence reduction [doc. 231] is **GRANTED**. The defendant's net term of imprisonment is reduced to **360 months**.

Specifically, the defendant's prison sentence now consists of terms of 300 months as to each of Counts One, Two, Three, and Five, to be served concurrently with one another, plus a sentence of 60 months on Count Four to be served consecutively to the sentence imposed on the other counts, for a net sentence of 360 months' imprisonment.

While on supervised release, the defendant shall be subject to the following additional special conditions of supervision:

> The defendant shall submit his person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

> The defendant shall not take any prescribed narcotic drug without notifying the physician that he has a substance abuse problem and without obtaining permission from the probation officer.

Additionally, the Court recommends that the Bureau of Prisons, within its discretion, afford the defendant the maximum appropriate period of halfway house placement or community confinement to assist with his transition back into his community.

Except as provided herein, all provisions of the judgment dated January 29, 2010, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge